KEN STANOJEVICH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stanojevich v. Commissioner
Docket No. 21279-89
United States Tax Court
T.C. Memo 1992-93; 1992 Tax Ct. Memo LEXIS 106; 63 T.C.M. (CCH) 2090; T.C.M. (RIA) 92093; February 18, 1992, Filed *106 Decision will be entered for respondent. Ken Stanojevich, pro se. Charles A. Baer, for respondent. PARR
PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: In his notice of deficiency and amended answer, [2] respondent determined deficiencies and additions to tax in petitioner's Federal income taxes as follows: Additions to Tax
Under Sections
Year
Deficiency
6653(b)(1)
6653(b)(2)
6654
6661
1983
$ 106,501
$  53,250
[1]
--  $ 26,625
1984
286,769
143,385
[1]
$ 18,029
71,692
For tax year 1984 respondent asserted additions to tax under sections 6651(a) (1) [3] and 6653(a) in the alternative to the fraud addition under section 6653(b). *107 The issues for decision are: (1) Whether petitioner had income of $ 230,000 in 1983 from defrauding a Dr. Mannish; (2) whether petitioner had income of $ 166,000 in 1984 from defrauding Merrill Lynch; (3) whether petitioner had forgiveness of indebtedness income in 1984; and (4) whether petitioner is liable for the fraud addition in 1983 and 1984. Petitioner resided at the Federal Correctional Institution in Tallahassee, Florida, when he filed his amended petition. Sometime between March 20, 1990, and October 25, 1990, petitioner was moved to the Federal Correctional Institution in Lexington, Kentucky, from which he continued to proceed with the pre-trial phase of his case. On January 24, 1991, respondent mailed a copy of his request for admissions to petitioner at the Lexington, Kentucky, Federal Correctional Institution. Petitioner never responded. Respondent's request for admissions was filed with the Court on January 28, 1991. Since petitioner did not respond to the request for admissions, they were deemed admitted 30 days after the service of the request pursuant to Rule 90(c). On April 22, 1991, petitioner was deported to Canada and did not supply respondent or the Court *108 with his new Canadian address. On December 16, 1991, respondent filed a motion for summary judgment, and sent a copy to (1) the Florida prison address, (2) the Kentucky prison address, and (3) the Immigration and Naturalization Service in an attempt to reach petitioner. Petitioner did not respond to the motion for summary judgment. Petitioner failed to appear at the call of the instant case on January 13, 1992. We decide the case based upon the deemed admissions, the pleadings, and the burden of proof, not on respondent's motion for summary judgment, which will be rendered moot by this opinion. FINDINGS OF FACT Our findings of fact are based on petitioner's deemed admissions. Petitioner did not file Federal income tax returns for tax years 1983 and 1984. In 1989 the Eleventh Circuit Court in Dade County, Florida, granted summary judgment in a civil fraud action, finding that petitioner and a Mr. Lacayo defrauded one Dr. M. A. Mannish out of $ 500,000 during 1983 and 1984. Respondent determined in his notice of deficiency that $ 230,000 of the $ 500,000 represented income to petitioner in 1983. In an elaborate scheme involving a phony off-shore bank, petitioner, Mr. Lacayo, *109 and a Mr. Langrill defrauded Merrill Lynch out of $ 500,000 in 1984. In connection with this scheme, petitioner pled guilty to conspiracy and wire fraud in the Eastern District of Virginia in 1988. Respondent asserted in his amended answer that $ 166,000 of the $ 500,000 represented income to petitioner in 1984. On June 27, 1984, the Dunes Hotel and Casino wrote off $ 432,000 that petitioner owed on his account. OPINION Petitioner bears the burden of proving that respondent's determinations are incorrect with respect to the 1983 underlying deficiency and the additions to tax under section 6661, and the portion of the 1984 deficiency and additions to tax attributable to the forgiven $ 432,000 debt. Since petitioner did not appear for trial or offer evidence, we sustain respondent's determination as to these items. Respondent, however, bears the burden of proof with respect to the increased deficiency in 1984 based on an additional $ 166,000 of unreported income. Respondent also bears the burden of increased additions to tax related thereto, asserted in his amended answer. Rule 142(a). Rule 123(a) provides that a party may be held in default when he "has failed to plead or *110 otherwise proceed as provided by these Rules or as required by the Court". Petitioner failed to advise the Court of his Canadian address, so that the Notice Setting Case for Trial, mailed to him on August 13, 1991, at his last known address, was returned to the Court marked "no longer at this address". Petitioner failed to contact either respondent or the Court to inquire about his trial date, although he knew his case was being actively prepared for trial. Petitioner did not appear for trial when his case was called on January 13, 1992, in Jacksonville, Florida. In , we held that a default could be entered against the taxpayer even though the Commissioner had the burden of proof. There we held that "Entry of a default has the effect of admitting all well-pleaded facts in respondent's answer, and a default judgment must be supported by respondent's well-pleaded facts." . Respondent also bears the burden of proving by clear and convincing evidence that some portion of the underpayment for each year is due to fraud. Sec. 7454(a); Rule 142(b); . *111 Respondent must show (1) that an underpayment exists, and (2) that petitioner intended to evade taxes which he knew to be owing, by actions intended to conceal, mislead, or otherwise prevent the collection of taxes. . The existence of fraud is a question of fact that must be resolved upon a consideration of the entire record. ; , affd. without published opinion . Fraud is never presumed, , but may be proved by circumstantial evidence, because direct proof of the taxpayer's intent is rarely available. ; , affd. . The taxpayer's entire course of conduct may establish the requisite fraudulent intent. ; . *112 Respondent cannot rely on petitioner's failure to prove error in respondent's deficiency determination to meet his burden of proving fraud. . However, "facts deemed admitted under Rule 90(c) are sufficient to satisfy respondent's burden of proving that some portion of the understatement of income for each year was due to fraud with intent to evade tax." . In , affd. , we held that a taxpayer who fails to appear at trial can be held liable for an addition to tax for fraud without the introduction of evidence of fraud sufficient to carry respondent's burden of proof. However, respondent's pleadings must allege specific facts sufficient to sustain a finding of fraud. . In the instant case, respondent alleged specific facts, including facts established by collateral estoppel, sufficient to sustain a finding of fraud. Petitioner is collaterally estopped by the Florida civil *113 fraud judgment and the Virginia guilty plea, from denying that he and Mr. Lacayo defrauded Dr. Mannish of $ 500,000 in 1983 and 1984, and that he, Mr. Lacayo, and Mr. Langrill defrauded Merrill Lynch of $ 500,000 in 1984. However, neither the Florida civil fraud judgment nor the Virginia criminal case establish the amount of funds to be allocated between years or between petitioner and his colleagues. The fact that the cases did not allocate a specific amount of defrauded funds to petitioner is not fatal to respondent's fraud case. Respondent must prove that there was an underpayment, not the specific amount of the underpayment. Respondent through his specific, well-pleaded allegations, petitioner's admissions, and the use of collateral estoppel has shown by clear and convincing evidence that there has been an underpayment of tax for purposes of proving fraud in tax years 1983 and 1984. Next, respondent must show petitioner's fraudulent intent. Badges of fraudulent intent include: (1) The understatement of income; (2) failure to file tax returns; (3) engaging in illegal activities; and (4) attempting to conceal these activities. , *114 affg. ; . Petitioner failed to file tax returns in 1983 and 1984. Petitioner defrauded Dr. Mannish in 1983 and 1984, and Merrill Lynch in 1984, illegal activities whose very nature is designed to be concealed. Based on the entire record, and respondent's well-pleaded facts, we are satisfied that the additions to tax for fraud for tax years 1983 and 1984, and the increased deficiency in 1984 and related increases in the sections 6654 and 6661 additions to tax, should be sustained by entry of a default against petitioner and the dismissal of his case on the merits pursuant to Rule 123(a). Decision will be entered for respondent. Footnotes
2. In respondent's amended answer, he asserted an increase in the deficiency and the civil fraud addition for tax year 1984.↩
1. 50 percent of the interest payable under sec. 6601 with respect to the portion of the underpayment attributable to fraud. ↩
3. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩